## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| AMBER WRIGHT | ) | |
| | ) | Case No.: 1:19-cv-01318 |
| Plaintiff, | ) | |
| | ) | Judge: |
| -v- | ) | |
| | ) | |
| RGS FINANCIAL, INC. | ) | **COMPLAINT** |
| | ) | JURY DEMAND ENDORSED HEREON |
| Defendant. | ) | |
| | ) | |

Plaintiff, Amber Wright, for her complaint against Convergent Outsourcing, Inc. ("Defendant"), states as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA"), for Defendant's unlawful collection practices as more fully described in this complaint.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendant transacts business in the Northern District of Illinois and the events and/or omissions giving rise to the claims made herein occurred within the Northern District of Illinois.

<u>PARTIES</u>

4. Plaintiff, Amber Wright ("Ms. Wright"), is a natural adult person residing in Maywood, Illinois, which lies within the Northern District of Illinois.

5. Ms. Wright is a "consumer" as defined by § 1692a(3) of the FDCPA.

6. Ms. Wright is a "person" as that term is defined and/or used within the ICFA.

7. Defendant, RGS Financial, Inc., is a Texas corporation in the business of collecting consumer debts on behalf of others within the State of Illinois and throughout the United States. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

8. On its website and in its correspondences to consumers, Defendant identifies itself as a "debt collector."

9. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA.

10. Defendant is a "person" as that term is defined and/or used within the ICFA.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

<u>FACTS SUPPORTING CAUSES OF ACTION</u>

12. As Ms. Wright was conducting a routine check of her credit reports, she noticed an entry bearing Defendant's name that was reporting in collection status. According to the debt was originally owed to *TCF National Bank* for $565.00 (the "Subject Debt"). Relevant pages from Ms. Wright's Experian credit report, dated January 29, 2019, are attached to this complaint as Exhibit A.

2

13. According to the credit report, the Subject Debt will remain on the credit report until April 2020, thus the Subject Debt was incurred in June 2012. *See* Exhibit A.

14. Confused by the credit reporting of the Subject Debt, on or around January 29, 2019, Ms. Wright telephoned Defendant to find more detailed information about the debt that was in collections (the "Phone Call").

15. On the Phone Call, Defendant's agent identified Defendant as a debt collector.

16. During the Phone Call, Defendant's agent informed Ms. Wright that she had an account originally owed to *TCF National Bank* for $565.91. Defendant's agent went on to state that the account was opened on March 4, 2013.

17. Defendant's agent then went on to ask Ms. Wright if she would like to start a payment plan. Ms. Wright informed Defendant's agent that the charges on this account were fraudulent charges and that Ms. Wright had in fact filed a police report in Park Forest, Illinois. Defendant's agent did not directly acknowledge the information and continued the conversation.

18. The applicable statute of limitations for the Subject Debt states, in relevant part:

> "Except as provided in Section 2-725 of the 'Uniform Commercial Code', approved July 31, 1961, as amended, and Section 11-13 of 'The Illinois Public Aid Code', approved April 11, 1967, as amended, actions on unwritten contracts, expressed or implied . . . shall be commenced within 5 years next after the cause of action accrued." *See* 735 ILCS § 5/13-205.

19. As of January 29, 2019, the date Ms. Lowry telephoned Defendant, the Subject Debt was a time-barred debt, *i.e.*, it fell outside the applicable statute of limitations period.

20. At no time during the Phone Call did Defendant's agent ever represent to Ms. Wright that even acknowledging the Subject Debt as valid could reset the statute of limitations and subject her to possible legal ramifications.

3

21. Confused and concerned by the credit report and Phone Call and questioning the validity of Defendant's claim to the Subject Debt, Ms. Wright reached out to her attorneys for assistance and clarification regarding her rights.

22. After a reasonable time to conduct discovery, Ms. Wright believes she can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

**DAMAGES**

23. Plaintiff was misled by the information provided on the credit report and on the Payment Portal.

24. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from her on time-barred debt(s) and ultimately cause unwarranted harm to her credit or otherwise harm her economically.

25. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use unlawful means in its attempts to collect the Subject Debt from her.

26. As a result of Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this claim.

27. As a result of Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described herein.

**GROUNDS FOR RELIEF**

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
***15 U.S.C. §§ 1692e, e(2)(A), e(10) and f***

28. All prior paragraphs are incorporated into this count by reference.

4

29. The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of – (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

30. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10) and f on the Phone call. The complete omission of any disclosure during the Phone call was unfair, deceptive and misleading because it: (i) created the impression that Defendant had the ability to take legal action on the Subject Debt, when in fact it did not; (ii) mischaracterized the legal status of the Subject Debt; and (iii) failed to properly advise Plaintiff of the potential legal consequences of acknowledging the debt as valid.

31. As an experienced debt collection agency, Defendant knows that the statements it makes to consumers during its debt collection communications have to be true, complete and accurate, especially when Defendant is attempting to collect a time-barred debt. Defendant had an obligation to accurately alert Plaintiff as to her rights with respect to the subject time-barred debt, but abutted this obligation with deceptive and misleading representations and/or omissions.

32. As set forth in paragraphs 23 through 27 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection activity as outlined herein.

## COUNT II
### VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### *815 ILCS 505/2*

33. All prior paragraphs are incorporated into this count by reference.

34. Defendant's collection activity on the Subject Debt constitutes "conduct of any trade or commerce" as that phrase is defined and/or used within the ICFA.

35. The ICFA states, in relevant part:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

36. Defendant engaged in unfair, abusive, and deceptive conduct in its transactions with Plaintiff, in violation of 815 ILCS 505/2, by failing to provide a time-barred disclosure to Plaintiff, *inter alia*: (i) creating the impression that Defendant had chosen not to sue Plaintiff, rather than stating that Defendant was legally barred from doing so; (ii) creating the impression that Defendant had the ability to take legal action on the Subject Debt, when in fact it did not; (iii) mischaracterizing the legal status of the Subject Debt; and (iv) failing to properly advise Plaintiff of the potential legal consequences of paying, agreeing to pay, or merely acknowledging the validity of the Subject Debt.

37. Defendant intended that Plaintiff rely on its unlawful communication in order to attain immediate payment of the Subject Debt and/or prevent Plaintiff from exercising her rights.

38. As set forth in paragraphs 23 through 27 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

39. Plaintiff is therefore entitled to relief pursuant to 815 ILCS 505/10a.

6

40. Defendant's actions as set forth in this complaint were malicious, willful and/or undertaken with such reckless disregard of Plaintiff's rights that malice may be inferred, subjecting Defendant to liability for punitive damages under the ICFA in such an amount to be proved at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Amber Wright, respectfully requests that this Court enter judgment in her favor as follows:

A. Awarding Plaintiff actual damages, in such amounts as determined by the jury, as provided under 15 U.S.C. § 1692k and 815 ILCS 505/10a;

B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C. Awarding Plaintiff punitive damages, in such an amount as determined by the jury, as provided under 815 ILCS 505/10a;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3) and 815 ILCS 505/10a; and

E. Awarding Plaintiff such other and further relief as may be just and proper.

Dated:  January 29, 2019                                        Respectfully Submitted,

                                                                                  /s/ *Kristen C Wasieleski*
                                                                                  Kristen C Wasieleski #6303018
                                                                                  David S. Klain #0066305
                                                                                  CONSUMER LAW PARTNERS, LLC
                                                                                  435 N. Michigan Ave., Suite 1609
                                                                                  Chicago, Illinois 60611
                                                                                  (267) 422-1000 (phone)
                                                                                  (267) 422-2000 (fax)
                                                                                  kristen.w@consumerlawpartners.com

                                                                                  *Counsel for Plaintiff*

## **JURY DEMAND**

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

_/s/ Kristen C Wasieleski_
Kristen C. Wasieleski #6303018
CONSUMER LAW PARTNERS, LLC

## <u>VERIFICATION OF COMPLAINT AND CERTIFICATION</u>

STATE OF ILLINOIS          )
                                         ) ss
COUNTY OF COOK          )

Pursuant to 28 U.S.C. § 1746, Plaintiff, Amber Wright, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.


I declare under penalty of perjury that the foregoing is true and correct.


       Executed on this 22nd day of February, 2019.

DocuSigned by:

25D215C21ED14E8...
_____
Signature

9